IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALLACE EARL ROGERS,

    Petitioner,                  No. CIV S-07-0680 MCE GGH P

    vs.

UNKNOWN,[1]

    Respondent.              ORDER

                               /

       A joint scheduling statement in this matter was filed on September 27, 2007, pursuant to the court's order filed June 15, 2007, petitioner having subsequently been granted an extension of time. After reviewing the joint statement, the court issues the following ORDERS:

       1. Should petitioner choose to stand on the original petition, petitioner's counsel must so indicate to the court and must file any supplemental memorandum of points and

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). Respondent should be properly identified by counsel in any future filing.

authorities within 90 days;[2]

  2. Should petitioner elect to proceed on an amended petition of exhausted claims only, the amended petition must be filed within 90 days, along with any memorandum of points and authorities;

  3. If petitioner chooses to proceed in accordance with 1 or 2 above, respondent must file an answer or dispositive motion within 60 days thereafter; petitioner must file any reply (traverse) or opposition, as appropriate, within 45 days of service of respondent's responsive pleading; if respondent filed a motion, respondent will have 30 days after service of an opposition to file a reply.

  4. Should petitioner identify unexhausted claims which petitioner will seek to exhaust, petitioner shall file an amended petition within 90 days, setting forth all claims, exhausted and unexhausted, and shall demonstrate good cause for having failed to exhaust state court remedies as to any claim which petitioner would seek to exhaust.  Petitioner shall move the court to hold the proceedings in abeyance pending exhaustion of state court remedies as to the unexhausted claims within 90 days; if a stay is ultimately granted, petitioner must immediately pursue state court exhaustion, that is, within 30 days of the granting of a stay, and, upon said exhaustion in state court, within 30 days, proceed upon the amended petition in federal court.

  5. Should respondent object to any motion for a stay of proceedings by petitioner to pursue unexhausted claims, respondent must file any opposition to such a motion within 30 days of service thereof; thereafter, petitioner has 15 days to file any reply.

  6. If petitioner intends to make a motion for leave to conduct discovery under the Rules Governing Section 2254 Cases, Rule 6(a), petitioner must do so within 60 days; if respondent opposes any such motion respondent must do so within 30 days thereafter; petitioner's reply, if any, must be filed within 15 days of any opposition by respondent.

---

[2] To "stand on the original petition" presumes that all claims are exhausted.

7. If petitioner chooses to move for an evidentiary hearing, petitioner must do so at the earliest appropriate opportunity; should petitioner file a motion for an evidentiary hearing, as respondent anticipates opposing any such motion, respondent must file any opposition within 30 days of service of the motion, and petitioner must file any reply within 15 days of service of any opposition.

DATED: 11/14/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
roge0680.pst